UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK BAKER,<br>    *Plaintiff*,<br><br>v.<br><br>TOWN OF HAMDEN, *et al*.,<br>    *Defendants*. | No. 3:24-cv-00878 (KAD) |

**ORDER GRANTING MOTIONS TO DISMISS [ECF Nos. 61, 63, 65, 69]**

In May 2022, Plaintiff Patrick Baker ("Plaintiff") brought his pet dog, "Little Lady," to Defendant Veterinary Associates of Derby, LLC ("Veterinary Associates") for a rabies vaccine and care for a broken leg. The dog was admitted to Defendant Central Hospital for Veterinary Medicine, Inc. ("Central Hospital") for surgery. Despite Plaintiff explaining that he did not want the dog to receive a Covid-19 vaccine, the dog was given one. Additionally, the animal's leg was ultimately amputated. As a result, Plaintiff protested "near the property of the principals" of Central Hospital and was arrested. In addition to Veterinary Associates and Central Hospital, Plaintiff brings this action against police officer Christine Kelley, of the Hamden Police Department, police officer Steven Kernstock of the Shelton Police Department, the Town of Hamden, and the City of Shelton.

The operative Amended Complaint sounds in four counts: (1) Negligent/intentional infliction of emotional distress (Count One); negligent misrepresentation/failure to warn (Count Two); First and Fourteenth Amendment violations (Count Three); and Fourth and Fourteenth Amendment violations (Count Four). The Amended Complaint appears to assert all four counts against all defendants. All defendants moved to dismiss. For the reasons explained below, the

motions are GRANTED as to the federal law claims (Counts Three and Four) and the Court declines to exercise supplemental jurisdiction over the state-law claims (Counts One and Two), which are dismissed without prejudice.

**STANDARD OF REVIEW**

It is well established that to survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Charles v. Orange Cty.*, 925 F.3d 73, 81 (2d Cir. 2019) (same). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). Finally, when a complaint's federal claims are dismissed before trial, any remaining state claims are generally also dismissed. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 717 (1966).[1]

**ALLEGATIONS**

Plaintiff's allegations, accepted as true, are as follows. On May 22, 2022, Plaintiff brought his dog, a "therapy pet" named "Little Lady," to Defendant Veterinary Associates to receive a rabies vaccine and care for a broken leg. Am. Comp. ECF No. 46 at 3, ¶ 8.[2] He explained to Dr.

---

[1] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[2] The paragraphs in the Amended Complaint are not consecutively numbered—they are cited here according to the page and paragraph number that appear in the Amended Complaint.

Jeffrey Schpero, an employee at Veterinary Associates, that he is an "anti-vaxxer" and did not want to wear a mask in Dr. Schpero's office. *Id.* at 3, ¶ 9. He also expressed that he did not want his pet to be given a Covid-19 vaccine. *Id.* at 3, ¶ 11. Dr. Schpero assured Plaintiff the animal would be treated with care, would recover in a matter of weeks, and explained that the dog would be admitted to Defendant Central Hospital for appropriate treatment of its broken leg. *Id.* at 3, ¶¶ 8, 10.

On May 23, 2022, Dr. Schpero told Plaintiff that the dog had been given a Covid vaccine prior to being admitted to Central Hospital despite knowing that Plaintiff was an "anti-vaxxer." *Id.* ¶ 11. On the same day, Central Hospital informed Plaintiff that the dog's leg would have to be amputated. *Id.* ¶ 12. Plaintiff alleges that he was offered a settlement by Central Hospital to resolve his grievances, which he ultimately refused. *Id.* at 6, ¶ 17-18.

Following these events, Plaintiff led "peaceful" protests near the property of the principals of Central Hospital. *Id.* at 5, ¶ 15. Plaintiff alleges that because he refused Central Hospital's settlement officer and because of his protests, Central Hospital contacted law enforcement to harass him. *Id.* Although seemingly unsure of their involvement, Plaintiff also alleges that officers Christina Kelley of the Hamden police department and Steven Kernstock of the Shelton police department subsequently arrested him without probable cause. *Id.*

As discussed above, Plaintiff filed this suit against Veterinary Associates, Central Hospital, the Town of Hamden, the City of Shelton, and officers Kelley and Kernstock. Count One of Plaintiff's Amended Complaint alleges negligent/intentional infliction of emotional distress; Count Two alleges negligent misrepresentation/failure to warn; Count Three alleges violations of his First and Fourteenth Amendment right to free speech and retaliation for his exercise of that right; and Count Four alleges the use of unreasonable force, detention and/or

3

prosecution without probable cause in violation of the Fourth and Fourteenth Amendments. The defendants have each moved for dismissal of the claims against them.[3] For the reasons explained below, the motions are GRANTED as to the federal law claims (Counts Three and Four) and the Court declines to exercise supplemental jurisdiction over the state-law claims (Counts One and Two), which are dismissed without prejudice.

**DISCUSSION**

The Court begins its analysis with Counts Three and Four of the Amended Complaint, which allege violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983.

Title 42, Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Accordingly, liability attaches under § 1983 only when a defendant acted under color of state law, and a private actor may not be held liable under § 1983 unless it was acting as an instrument of the state. *See, e.g.*, *Tancredi v. Metro. Life Ins.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). As to Defendants Veterinary Associates and Central Hospital, it is manifest that they are not state actors and cannot be held liable under Section 1983. *See, e.g.*, *Errato v. Seder*, 2024 WL 726880, at *2 (2d Cir. 2024) (citing *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014)). Counts Three and Four are dismissed as to these Defendants.

---

[3] *See* Doc. #61 (Central Hospital's motion to dismiss), #63 (Veterinary Associate's motion to dismiss), #65 (Town of Hamden and Christina Kelley's motion to dismiss), and #69 (City of Shelton and Steven Kernstock's motion to dismiss).

Count Three alleges that the municipality defendants and the officers retaliated against Plaintiff for the exercise of his First Amendment rights, while Count Four alleges that they subjected Plaintiff to arrest without probable cause.

"To sustain a First Amendment retaliation claim, a [plaintiff] must demonstrate the following: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Bacon v. Phelps*, 961 F.3d 533, 542 (2d Cir. 2020). An adverse action is one that "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Benway v. Aldi*, 2020 WL 4433561, at *4 (D. Conn. 2020) (quoting *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 31 (2d Cir. 2012)). Plaintiff alleges he was harassed and arrested in retaliation for his exercise of his First Amendment right to peacefully protest.

"The Fourth Amendment prohibits 'unreasonable searches and seizures.'" *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017) (quoting U.S. Const. amend. IV.) "For a seizure [i.e. arrest] to be reasonable, it must generally be supported by probable cause." *Mara v. Rilling*, 921 F.3d 48, 69 (2d Cir. 2019). "Probable cause 'to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Martel v. Town of S. Windsor*, 562 F. Supp. 2d 353, 358 (D. Conn. 2008), *aff'd*, 345 Fed. App'x 663 (2d Cir. 2009) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Plaintiff alleges he was arrested without probable cause.

*Town of Hamden and City of Shelton*

As to the municipalities, Plaintiff fails to meet the pleading standards for municipal liability under Section 1983. Claims against municipalities are considered under the standard established in *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court determined that "[l]ocal governing bodies . . . can be sued directly under [42 U.S.C.] § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. However, "**demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees.**" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004) (emphasis added). Significant here, a "municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019). In wholly conclusory fashion, Plaintiff alleges that the municipal defendants dispatched police officers to harass him due to his viewpoints and to retaliate for his exercise of his First Amendment rights. These accusations are bereft of factual support and in any event do not implicate any actual policy statement, ordinance, regulation, or practice that could form the basis for *Monell* liability. *See also City of St. Louis v. Praprotnik*, 485 U.S. 112, 122-23 (1988) ("[G]overnments should be held responsible when, *and only when*, their official policies cause their employees to violate

another person's constitutional rights." (emphasis added)). Finally, a municipal policy cannot generally be gleaned from a single incident. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."). Counts Three and Four are dismissed as to the municipal defendants.

*The Police Officer Defendants*

The Amended Complaint fares no better with respect to the police officer defendants. It is black letter law that, to establish a defendant's "individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)). In this regard, the Amended Complaint fails to make such a showing.

Plaintiff has failed to sufficiently set forth factual allegations, as opposed to conclusory accusations, that the named officers acted with a retaliatory intent deriving from his speech *or* that they were knowingly involved in an arrest unsupported by probable cause. As to Count Three, the complaint merely claims—without support—that the municipalities sent the officers "to harass [Plaintiff]," and that the officers forced him to "hold certain beliefs and opinions" and retaliated and punished him when he "express[ed] contrary beliefs and opinions." ECF No. 46 at 6-7, ¶¶ 18, 21. These conclusory opinions are not entitled to the presumption of truth. *Krys*, 749 F.3d at 128. As to Count Four, the Amended Complaint fails to include any meaningful information to support the allegation that his arrest was unlawful or that the officers named were involved in the arrest—such as the date the arrest occurred, the location of the arrest, the charges for which Plaintiff was arrested, or whether and where Plaintiff was taken for processing on the

charges.[4] In light of these glaring deficiencies, there is no basis upon which to infer that Plaintiff's arrest, whatever it may have been for, was not supported by probable cause so as to support the Fourth Amendment claim. And Plaintiff, by his own acknowledgement, only asserts "to the best of his knowledge" that the named defendants were, in fact, involved in his arrest. ECF No. 46 at 6, ¶ 18. Counts Three and Four as to the police officer defendants are dismissed.

With the federal claims dismissed, the Court turns to the state-law claims. Under 28 U.S.C. § 1367(c) a district court may decline to exercise supplemental jurisdiction over a claim or claims if one of four enumerated circumstances arise. Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998). Section 1367(c) is permissive, not mandatory. *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Where any one of the four enumerated bases for declining supplemental jurisdiction is found to apply, as is the case here, the Court may consider a number of factors when deciding whether to decline jurisdiction. *Id.*[5]

Here, Veterinary Associates and Central Hospital assert that re-briefing the state law issues in state court would be inconvenient and unfair and would create "unnecessary congestion" in the state court system. ECF No. 63 at 14; ECF No. 61 at 24. But in the absence of any remaining claims over which this court has original jurisdiction, the adjudication of the state law claims is properly left, in the first instance, to the state court.[6] Accordingly, the Court

---

[4] *See generally* ECF No. 46 at 8-9.
[5] The Second Circuit also held that before a district court can decline to exercise supplemental jurisdiction, one of the four enumerated bases for the same *must* be present. *Shahriar*, 659 F.3d at 245.
[6] That said, the allegations in Counts One and Two, regarding the veterinary care for the dog, do not seem to implicate in any fashion the municipal defendants or the police officer defendants. And it seems unlikely Plaintiff intended for these defendants to be included in Counts One and Two. He did not differentiate, however, the extent to which some counts are leveled only at some of the defendants.

declines to exercise supplemental jurisdiction as to the state-law claims, and those claims are dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss (Docs. #61, #63, #65, #69) are GRANTED with respect to the federal law claims. The state-law claims are dismissed without prejudice. The clerk is directed to enter judgment in favor of the defendants on Counts Three and Four and close this case.

It is so ordered.

Dated at Bridgeport, Connecticut this 27th day of January 2025.

/s/
Kari A. Dooley
United States District Judge